BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



IN RE IBM PERIPHERAL EDP DEVICES   )
ANTITRUST LITIGATION                )   DOCKET NO. 163

OPINION AND ORDER

BEFORE ALFRED P. MURRAH *, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

    This litigation was spawned as a result of the recent decision in Telex Corporation v. International Business Machines Corporation, 367 F. Supp. 258 (N.D. Okla. 1973), and involves IBM's alleged illegal monopolization of the market for electronic data processing (EDP) devices designed for attachment to IBM's central processing units.  Plaintiffs include manufacturers of EDP devices and computer leasing companies.  IBM, the sole defendant, moves the Panel for transfer of the three actions pending in the Central District of California to the Northern District of California for coordinated or consolidated pretrial proceedings with the four actions already pending in that district.  The Los Angeles plaintiffs oppose transfer.  We find that these actions raise  common questions of fact and that transfer of the actions pending in the Central District of California to the Northern District of California will be for the convenience of the parties and witnesses and promote the just and efficient conduct of

---

   * Judge Murrah was unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

the litigation.

Pursuant to 28 U.S.C. §292(b), the Chief Judge of the Ninth Circuit has designated Judge Ray McNichols of the District of Idaho to sit in the Central and Northern Districts of California and has assigned all of these actions to him for purposes of conducting both the pretrial proceedings and trial. In light of this intra-circuit assignment, Los Angeles plaintiffs contend that the question of transfer under Section 1407 is moot because all pretrial proceedings are being supervised by a single judge and there is no risk of inconsistent decisions.

They also argue that there is no need to designate a transferee district since pretrial proceedings will likely be held in both Los Angeles and San Francisco. Furthermore, they point out that all California plaintiffs have joined in a motion for partial summary judgment based on the theory that IBM should be collaterally estopped from denying or relitigating monopoly issues which were decided against it in the Telex case, supra. If the motion for partial summary judgment is granted, Los Angeles plaintiffs maintain that discovery on the remaining issues will be so specialized that any attempts to coordinate that discovery would be fruitless.

These actions all share common questions of fact concerning the alleged monopolization by IBM. Clearly, the criteria for transfer of these actions to a single district for coordinated or consolidated pretrial proceedings as set forth in Section 1407 are satisfied. Although it may be said that, in light of Judge

- 3 -

McNichols' assignment, the convenience of the parties and witnesses and the just and efficient conduct of these seven actions will not be particularly enhanced by a Section 1407 transfer order, we do not perceive any harm that could result from such an order. Indeed, we think there is an overriding consideration which necessitates that a Section 1407 transfer order be entered at this time. It is possible, if not likely, that in the wake of the Telex decision additional actions with similar allegations will be filed. There is no reason to believe that all such additional actions will be brought in a jurisdiction encompassed within the Ninth Circuit. The established procedures of the Panel in connection with its responsibilities under Section 1407 is a sure means of assuring that subsequent tag-along actions will also be assigned to Judge McNichols.

The fact that in addition to common discovery there may be some specialized discovery necessary for each action is nothing unique to complex multidistrict litigation. If separate treatment of certain issues appears warranted, plaintiffs may address their arguments to the transferee judge who has the responsibility to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated. See In re Equity Funding Corporation of America Securities Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed February 1, 1974).

- 4 -

Either the Northern or Central District of California could be described as an appropriate transferee forum for this litigation. We find the Northern District of California is the most suitable transferee district. One of the factors influencing our decision to transfer this litigation to the Northern District of California is the location of IBM's development laboratory and EDP computer plant within that district. That plant, we are informed, is the source of many important documents and witnesses relevant to plaintiffs' allegations.

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A pending in the Central District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ray McNichols for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions already pending in that district and listed on Schedule A.

SCHEDULE A                                          DOCKET NO. 163

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marshall Industries, a Corp. v. IBM Corp. | Civil Action No. 73-3043-WJF |
| California Computer Products, Inc., et al. v. IBM Corp. | Civil Action No. 73-2331-F |
| Hudson General Corp. v. IBM Corp. | Civil Action No. 73-2796-F |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Transamerica Computer Co., a Corp. v. IBM Corp. | Civil Action No. C-73-1832-WTS |
| ILC Peripherals Leasing Corp. v. IBM Corp. | Civil Action No. C-73-2238-RHS |
| Memorex Corp., et al. v. IBM Corp. | Civil Action No. C-73-2239-SC |
| Memorex A.B. (Sweden), et al. v. IBM Corp. | Civil Action No. C-73-2240-ACW |